[ECF Nos. 35, 38]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **CHARLES TORRES,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FLORENCE UNUIGBE, et al.,**<br><br>**Defendants.** | **Civil No. 23-2264 (KMW)(EAP)** |

## OPINION

This matter comes before the Court by way of *pro se* Plaintiff Charles Torres' ("Plaintiff") Motion to Appoint *Pro Bono* Counsel. *See* ECF No. 35. Defendant Dr. Malta opposes the motion. *See* ECF No. 37 ("Def.'s Opp."). While Plaintiff's first motion was pending, he filed a subsequent Motion for *Pro Bono* Counsel. *See* ECF No. 38. The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons that follow, Plaintiff's Motions are **GRANTED**.[1]

## FACTUAL BACKGROUND

Plaintiff is a state inmate at South Woods State Prison ("SWSP"), in Bridgeton, New Jersey. *See* ECF No. 1, Complaint ("Compl.") ¶ 1A. On April 24, 2023, Plaintiff filed a complaint against medical personnel at SWSP. *Id.* The following facts are taken from Plaintiff's Complaint.

On September 5, 2021, Plaintiff was moved into cell 1017 in SWSP's Extended Care Unit ("ECU") because he suffers from Parkinson's disease and is wheelchair bound. Compl. ¶¶ 1-2. Plaintiff alleges that the handicap bed in cell 1017 was broken, making it "dangerous and difficult

---

[1] The Court's Opinion and Order addresses both of Plaintiff's motions and refers to them herein by their respective ECF document numbers.

for him to get in and out of the bed." *Id.* ¶ 3. Plaintiff also feared falling out of the bed due to his tremors from Parkinson's disease. *Id.* Plaintiff alleges that he informed Correctional Officer John Doe about the bed, but the officer did not address the issue. *Id.* ¶¶ 4-5. Plaintiff further alleges that he then told Nurse Christal about the bed, who allegedly responded that she would apprise Defendants R.N. Charlotte Smith and Dr. Malta about the issue. *Id.* ¶ 6.

On September 8, 2021, Plaintiff fell out of his bed while sleeping and struck his head, neck, and back on a steel stool, which was permanently mounted on the floor of his cell. *Id.* ¶ 7. Plaintiff claims that he was "wedged between the steel stool and the steel bed railing of the bed" when an inmate porter found him, at which time other inmate porters entered Plaintiff's cell to assist him. *Id.* ¶¶ 9-10. Later that evening, an unidentified nurse (Jane Doe) allegedly visited Plaintiff's cell to ask whether he was bleeding. *Id.* ¶ 11. Plaintiff avers that he informed the unidentified nurse that he was not bleeding but that "he had a very large contusion on the side of his head, a severe headache, [was] experiencing dizziness and his neck and back were injured." *Id.* ¶ 12. According to Plaintiff, Nurse Jane Doe did not evaluate him or return to check on him. *Id.* ¶ 13.

The following morning, Plaintiff had a scheduled medical trip to an outside healthcare provider but he was not able to leave the prison because he "became violently ill and began to vomit profusely." *Id.* ¶¶ 15-18. Correctional officers took Plaintiff back to his cell in the ECU. *Id.* ¶ 20. Correctional staff informed Plaintiff that his medical trip would be rescheduled for another date. *Id.* ¶ 19. According to Plaintiff, he remained bedridden in his cell for three days before SWSP medical staff came to evaluate him. *Id.* ¶ 21.

On September 13, 2021, Plaintiff was transported to the hospital for a CT scan. *Id.* ¶ 22. After the visit, correctional staff returned Plaintiff to his cell with the allegedly defective bed. *Id.* ¶ 23. Plaintiff claims that he continued to ask for medical assistance for his injuries, as well as

2

"the dizzy spells he began experiencing after the fall." *Id.* ¶ 24. As of the date Plaintiff signed his Complaint, Plaintiff claims that none of his injuries has been diagnosed or treated. *Id.* ¶ 25.

### **PRIOR MOTIONS FOR THE APPOINTMENT OF COUNSEL**

On May 22, 2023, Plaintiff filed his first motion for the appointment of *pro bono* counsel. *See* ECF No. 5. The Court denied that motion as premature. *See* ECF No. 8. On October 25, 2023, Plaintiff filed his second motion for *pro bono* counsel, which the Court granted for the limited purpose of assisting Plaintiff to serve the Complaint. *See* ECF Nos. 14, 16. After appointed counsel served the Complaint, the Court relieved him of his *pro bono* assignment on June 3, 2024. *See* ECF Nos. 22, 29.

On August 20, 2024, Plaintiff filed his third motion for the appointment of *pro bono* counsel. *See* ECF No. 35. While that motion was pending, Plaintiff filed his fourth motion to appoint *pro bono* counsel. *See* ECF No. 38.

In his motions, Plaintiff contends that the appointment of counsel is warranted because of his medical condition and the limitations they impose. Specifically, Plaintiff cannot visit the law library because he is "not permitted to leave the medical unit for any reason but to be taken for [an] outside medical trip only." ECF No. 35 at 1. Plaintiff further alleges that his assigned prison paralegal was transferred from SWSP, and no one has replaced him. *Id.* at 2. Finally, Plaintiff alleges that he cannot afford counsel. *Id.* at 3.

Defendant Dr. Malta opposes the motion. *See* ECF No. 37. Defendant argues that the appointment of counsel is not warranted because Plaintiff has failed to state a meritorious claim for deliberate indifference under the Eighth Amendment. Def's Opp. at 7-8. Next, Defendant argues that under the *Tabron/Parham* factors, the appointment of *pro bono* counsel is not warranted. *Id.* at 8-11.

The Court addresses these arguments below.

## DISCUSSION

Motions for the appointment of *pro bono* counsel are governed by 28 U.S.C. § 1915(e). That statute grants courts broad discretion to request counsel for indigent litigants; however, these appointments are not a statutory or constitutional right. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).

Prior to analyzing the substance of the applicant's request for *pro bono* counsel, the Court must first determine whether the litigant's overarching claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If this threshold is satisfied, then the substance of the applicant's request for *pro bono* counsel should be reviewed under the following factors (hereinafter the "*Tabron/Parham* factors"):

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). None of the above factors is individually determinative, and the list is not exhaustive. *Id.* at 458. Rather, these factors articulate important considerations to evaluate a litigant's request for the appointment of *pro bono* counsel. *Id.*

Turning first to the threshold consideration, the fact that Plaintiff's Complaint and *in forma pauperis* petition were screened pursuant to 28 U.S.C. § 1915(e) and § 1915A, and the Court

4

permitted Plaintiff's claim against Defendants to proceed, is some indication that the claims have "some merit in fact and law." *See* ECF No. 3; *Tabron*, 6 F.3d at 155.  Thus, the Court will assume Plaintiff has satisfied his threshold burden [2] and evaluate Plaintiff's motions using the *Tabron/Parham* factors as a guidepost.

The first *Tabron/Parham* factor requires an evaluation of whether the litigant is capable of presenting his or her own case. *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002).  This factor will weigh against the appointment of counsel where the litigant is capable of pursuing his or her own action. *See Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007).  This capability should be measured through an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience. *Tabron*, 6 F.3d at 156.  In cases where the plaintiff is incarcerated, the court should also consider "restraints placed upon him or her by confinement." *Tabron*, 6 F.3d at 156.  The Third Circuit characterized this factor as "[p]erhaps the most significant of *Tabron*'s post-threshold factors." *Montgomery*, 294 F.3d at 501.

Here, the Court finds that the first *Tabron/Parham* factor weighs in Plaintiff's favor. Plaintiff suffers from Parkinson's disease. ECF No. 35 at 1.  As a result, he has difficulty writing or typing properly. *Id.*  Further, Plaintiff is confined to the prison's medical unit and is only permitted to leave for outside medical treatment. *Id.*  Plaintiff also required the assistance of a palliative care worker to draft his motions because of his condition. *Id.*  Defendant argues that the appointment of counsel is unwarranted because Plaintiff has prison paralegal assistance; however, Defendant acknowledges that Plaintiff's assigned paralegal was transferred from SWSP and that a replacement has not been appointed. *See* Def.'s Opp. at 9.  In fact, Plaintiff contends that despite numerous inquiries to the institution, Plaintiff has been unable to procure paralegal assistance or

---

[2] This assumption is for purposes of these motions only. The Court reserves the right to reconsider the merits of Plaintiff's claims in the future.

track down his legal paperwork. *See* ECF No. 35 at 2. The Court finds that without counsel, Plaintiff will likely face difficulty drafting future motions, responsive briefs, and discovery. Therefore, the Court finds that the first factor weighs in favor of the appointment of *pro bono* counsel.

The second factor concerns the complexity of the legal issues presented in the case. Courts should be more inclined to appoint counsel when the legal issues are complex. *Tabron*, 6 F.3d at 156 ("'[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.'") (quoting *Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)). The Court of Appeals for the Third Circuit has held that "§ 1983 civil rights case[s] alleging deliberate indifference to a prisoner's serious medical needs can raise sufficiently complex legal issues to require appointment of counsel." *Montgomery*, 294 F.3d at 502 (citing *Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1997). Defendant argues that this factor weighs against the appointment of counsel because Plaintiff's claim of deliberate indifference spans "only a few days and revolves around one particular incident and one specific issue." Def.'s Opp. at 10. Defendant further argues that "Plaintiff has the ability to address these issues through the support systems he has available to him within the prison." *Id.* The Court notes, however, that Plaintiff alleges that he has had difficulty accessing those support systems. *See* ECF No. 35 at 1-2. And although deliberate indifference matters are not generally complex, Plaintiff's medical conditions may make this case more difficult. At this early stage of the litigation, the Court does not have sufficient information to determine the complexity of the potential legal issues. Accordingly, this factor weighs in favor of the appointment of counsel.

The third factor concerns the degree and/or difficulty of any expected factual investigation the case may require and the ability of Plaintiff to conduct such an investigation. Claims that are

likely to require extensive discovery and compliance with complex discovery rules may warrant the appointment of counsel. *Tabron*, 6 F.3d at 156. The Court finds that the third *Tabron/Parham* factor falls in Plaintiff's favor. Plaintiff's claim will likely require fact discovery that would involve seeking disclosure of medical records as well as depositions of defendants and/or medical personnel, all of which would be difficult for Plaintiff given his medical conditions. Defendants argue that "medical records are readily available and the record is fairly clear," and that Plaintiff should be able to obtain these records through the prison." Def.'s Opp. at 10. The Court notes, however, that Plaintiff contends that his attempts to procure relevant medical records regarding the injuries he suffered have been unsuccessful. *See* Compl. ¶ 26. Further, Plaintiff states that he has been confined to the medical unit and as previously noted, has not been successful in obtaining assistance from the SWSP law library. ECF No. 35 at 2. Palliative care workers without legal training, even those with the best of intentions, are not an appropriate substitute for legal counsel or paralegal support. Based on these facts, the Court finds that the third factor weighs in favor of appointing *pro bono* counsel.

The fourth factor for consideration is the likelihood that a case will turn on credibility determinations. Defendant argues that this case does not turn on credibility determinations because the core of the case "can be assessed from the underlying facts." Def.'s Opp. at 10. While Defendant's position is typically true, Plaintiff's claims regarding the defective bed and the lack of attention he received from custodial staff, has not been developed enough for the Court to be able to determine with any certainty whether credibility determinations will be a key issue in this case. Therefore, the Court finds that this factor is neutral.

The fifth factor is the extent to which expert testimony may be required. Where a case will likely require such testimony, the appointment of counsel may be warranted. *Tabron*, 6 F.3d at

156. However, the Third Circuit has clarified that the need for expert testimony does not warrant the appointment of counsel in every case. *See Lasko v. Watts*, 373 F. App'x 196, 202 (3d Cir. 2010). Here, the Court also finds that the fifth factor weighs in Plaintiff's favor. Plaintiff suffered injuries after the bed in his cell collapsed. Complaint ¶¶ 7-10. Medical expert testimony would be expected in a trial that involves a dispute over the extent and nature of injuries suffered and the applicable standard of care. Further, Defendants' brief in opposition also concedes that expert testimony will likely be required given the "underlying medical issues" in this case. Def.'s Opp. at 11. Therefore, the Court finds that the fifth factor weighs in favor of appointing *pro bono* counsel.

The final *Tabron/Parham* factor inquires whether the litigant is financially capable of retaining his own counsel. *Parham*, 126 F.3d at 461. This factor alone, however, does not require the Court to appoint *pro bono* counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 411 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel. . . ."). Defendant suggests that Plaintiff might receive money from his family throughout the year and that they could possibly finance counsel for Plaintiff. But the District Judge already found that Plaintiff met the threshold requirement for proceeding *in forma pauperis*. *See* ECF No. 3. That finding alone is enough for the sixth factor to weigh in favor of appointing *pro bono* counsel.

## **CONCLUSION**

The Court finds that the balance of the *Tabron/Parham* factors weigh in favor of appointing *pro bono* counsel. While no single factor is determinative, the Court exercises the discretion granted to it under 28 U.S.C. § 1915(e) and finds that the balance of factors weighs in favor if the appointment of *pro bono* counsel. Plaintiff suffers from Parkinson's disease and is currently

confined to the medical unit at South Woods State Prison. He is unable to access the law library and despite his requests, he has not been assigned a prison paralegal. Further, Plaintiff's claims will likely involve expert testimony and a factual investigation that will include the collection of institutional and outside medical records. For all these reasons, Plaintiff's motions for the appointment of *pro bono* counsel are **GRANTED**.

      An appropriate Order shall follow.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.