<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td>

CHARLES TORRES,

     *Plaintiff,*

  v.

FLORENCE UNUIGBE, *et al.,*

     *Respondents.*

</td><td>

Civil Action No. 23-cv-02264

**OPINION**

</td></tr>
</table>

WILLIAMS, District Judge

  **THIS MATTER** comes before the Court upon the Motion to Dismiss filed by Defendant Florence Unuigbe pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 108.) Plaintiff, Charles Torres ("Plaintiff"), opposes the motion. (ECF No. 110.) Defendant has filed a reply. (ECF No. 111.) The Court has reviewed the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

  For the reasons set forth below, Defendant's Motion is **DENIED WITHOUT PREJUDICE.**

## I. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

  This matter arises from allegations of deliberate indifference to serious medical needs and related constitutional violations asserted by Plaintiff, an incarcerated individual proceeding under 42 U.S.C. § 1983. (ECF No. 95.)

  The Court accepts the following allegations as true for purposes of the motion to dismiss. Plaintiff alleges that on or about September 5, 2021, he was transferred into cell 1017 in the

Extended Care Unit at South Woods State Prison pursuant to directives issued by medical staff, including Dr. Unuigbe, Dr. Malta, and Registered Nurse Smith. (ECF No. 95 ¶ 10.)

Plaintiff alleges that he suffers from Parkinson's disease and mental health conditions, is wheelchair dependent, and requires a medically appropriate bed with side rails. (*Id.* ¶ 11.) He contends that the assigned bed in his cell was nonfunctional and posed an obvious risk of serious injury given his mobility limitations and tremors. (*Id.* ¶ 12.)

Plaintiff further alleges that he immediately notified Correctional Officer Elbuf of the defective bed, but that the officer dismissed his concerns and took no corrective action. (*Id.* ¶¶ 13–14.) Plaintiff also asserts that he informed a licensed nurse during medication distribution, who indicated she would relay the issue to medical staff. (*Id.* ¶ 15.)

According to the Amended Complaint, on September 8, 2021, Plaintiff fell from the bed while asleep, striking his head, neck, and back against a steel fixture affixed to the cell floor and losing consciousness. (*Id.* ¶¶ 16–17.) Plaintiff alleges he remained wedged between the bed and fixture for approximately forty-five minutes before being discovered by an inmate porter. (*Id.* ¶¶ 17–18.) He further alleges that he was returned to the same bed without medical evaluation. (*Id.* ¶ 20.)

Plaintiff contends that Registered Nurse Fisher briefly assessed him later that day but departed without meaningful examination or treatment. (*Id.* ¶¶ 21–23.) Plaintiff alleges continued symptoms including head trauma, dizziness, and severe pain. (*Id.* ¶ 24.)

Plaintiff further alleges that on September 9, 2021, his condition deteriorated during transport for an outside medical appointment, including vomiting and acute distress, resulting in his return to the ECU without treatment. (*Id.* ¶¶ 26–30.) He asserts that he remained without adequate medical care until September 12, 2021. (*Id.* ¶ 31.)

Plaintiff alleges that as a result of Defendants' conduct, he was left unattended for multiple days, during which he experienced significant deterioration in his condition and basic bodily harm. (*Id.* ¶ 32.) He further alleges ongoing symptoms including dizziness and chronic pain. (*Id.* ¶¶ 36–37.)

Plaintiff also asserts that he engaged in protected grievance activity and that certain defendants retaliated by denying requests, disparaging his complaints, and interfering with grievance processing. (*Id.* ¶¶ 39–40.) Plaintiff avers that he exhausted administrative remedies prior to filing suit. (*Id.* ¶ 41.)

Plaintiff initiated this action on April 24, 2023, while incarcerated, alleging constitutional violations arising from events occurring at South Woods State Prison. (ECF No. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and directed service of process through the United States Marshals Service. (ECF Nos. 3, 4.)

Following initial service issues and multiple unsuccessful attempts to serve certain defendants (*see, e.g.*, ECF Nos. 7, 13), the Court repeatedly reissued summonses and facilitated renewed service efforts over the course of the litigation (*see, e.g.*, ECF Nos. 6, 15).

The Court appointed *pro bono* counsel for limited purposes on multiple occasions, ultimately expanding representation to assist Plaintiff with service and litigation management. (ECF Nos. 16, 17, 58, 71.) At various stages, appointed counsel entered appearances (ECF Nos. 59, 60, 72, 73), withdrew (ECF No. 70), and were substituted (ECF No. 143.), resulting in intermittent periods of *pro se* litigation.

The pleadings were amended several times. The operative pleading is the Amended Complaint filed October 10, 2025. (ECF No. 95, *see also* ECF No. 96.)

On September 22, 2025, Defendant Florence Unuigbe ("Defendant") filed the operative

3

Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).   (ECF No. 108.) Defendant moves to dismiss the Amended Complaint on two grounds.  First, pursuant to Rules 12(b)(5) and 4(m), Defendant argues that Plaintiff failed to effect timely service because he did not serve Defendant within ninety days of filing the Complaint, failed to seek an extension of time, and failed to demonstrate good cause for the delay.  (*Id.* ¶¶ 26–42.)  Defendant further contends that service of the Amended Complaint did not restart the Rule 4(m) period, that Plaintiff did not exercise reasonable diligence in locating and serving her, and that the substantial delay prejudiced her ability to defend against Plaintiff's claims.  (*Id.* ¶¶ 33–42)

Alternatively, Defendant moves to dismiss pursuant to Rule 12(b)(6), arguing that the Amended Complaint fails to plead sufficient facts establishing her personal involvement in the alleged constitutional violations.  (*Id.* ¶¶ 43–57.)  Specifically, Defendant contends that Plaintiff alleges no facts demonstrating that she knew the medical bed was defective, knew Plaintiff had fallen or required treatment, participated in Plaintiff's medical care, or otherwise acted with the subjective deliberate indifference required to state an Eighth Amendment claim. (*Id.* ¶¶ 50–57) Defendant further argues that Plaintiff fails to allege facts establishing the existence of a sufficiently serious medical need attributable to her conduct and therefore fails to state a plausible claim for relief.  (*Id.*)

Plaintiff filed opposition. (ECF No. 110.)  Defendant filed a reply.  (ECF No. 111.)  The motion is now ripe for disposition.

## II.    <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring factual allegations sufficient to raise a right to relief above

4

speculation).   A court must accept all well-pleaded facts as true but need not credit legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (distinguishing factual allegations from conclusory assertions).

In § 1983 actions, liability requires personal involvement in the alleged constitutional violation.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that allegations must show personal direction or actual knowledge and acquiescence; *respondeat superior* is insufficient).

Because Plaintiff was represented by counsel at the time of the operative pleading and motion practice (ECF Nos. 95, 110), the Court applies the standard pleading framework without *pro se* leniency.

## III.    DISCUSSION

### a.  Service of Process

Dr. Unuigbe first argues that the Amended Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) because she was not served within ninety days after the filing of the original Complaint.  (ECF No. 108 ¶¶ 26–42.)  Specifically, she contends that Plaintiff failed to exercise reasonable diligence in locating and serving her, did not seek an extension of time for service, and that the delayed service prejudiced her ability to defend against stale claims.  (*Id.*)

The Court declines to dismiss the Amended Complaint on this basis.  The record reflects that Plaintiff—first through appointed *pro bono* counsel and later while proceeding *pro se*—made repeated efforts to identify and serve Defendant before service was ultimately accomplished.  (*See,* ECF Nos. 6, 7, 10, 13, 15, 19, 34, 36, 77, 78, 79.)  Under these circumstances, Plaintiff has demonstrated good cause for any delay in service.  Moreover, even assuming good cause were

lacking, an extension of time is warranted in the exercise of the Court's discretion under Rule 4(m). *See MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097–98 (3d Cir. 1995) (holding that district courts retain discretion to enlarge the time for service even absent good cause); *Boley v. Kaymark*, 123 F.3d 756, 758–59 (3d Cir. 1997) (holding that expiration of the statute of limitations weighs in favor of granting an extension rather than dismissing the action). Accordingly, the Court denies Defendant's motion insofar as it seeks dismissal under Rules 12(b)(5) and 4(m).

### b. Eighth Amendment Medical Care Claim

Plaintiff's principal claim arises under the Eighth Amendment (ECF No. 95 at 9–11), which prohibits deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (holding that deliberate indifference to serious medical needs constitutes unnecessary and wanton infliction of pain). To state such a claim, Plaintiff must allege (1) a serious medical need and (2) deliberate indifference by prison officials. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (explaining that deliberate indifference requires more than negligence and may be shown by reckless disregard of a known risk).

Here, Plaintiff alleges Parkinson's disease, mobility impairment, and reliance on a medically necessary bed, which plausibly constitutes a serious medical need at the pleading stage. (ECF No. 95, ¶ 11.) He further alleges knowledge by Defendants Unuigbe, Malta, Smith, and Fisher of his condition and failure to provide adequate treatment following a documented fall and neurological symptoms. (*Id.* ¶¶ 16–32.)

At this stage, these allegations are sufficient to plead more than mere negligence and plausibly suggest deliberate indifference, particularly in light of allegations of delay in treatment following head trauma and continued exposure to the same unsafe conditions. *See Spruill v. Gillis,*

372 F.3d 218, 235 (3d Cir. 2004) (noting that knowledge and disregard of substantial risk may satisfy deliberate indifference).

Accordingly, dismissal of the Eighth Amendment medical care claims at the Rule 12 stage is not warranted as to those defendants allegedly involved in diagnosis, placement, or post-fall care decisions.

### c. Conditions of Confinement Claim

Plaintiff also alleges unconstitutional conditions of confinement based on placement in a cell with a defective medical bed despite known risk of injury. (ECF No. 95 ¶¶ 12–14, 38.)

To state such a claim, Plaintiff must plead that he was deprived of "the minimal civilized measure of life's necessities" and that prison officials acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (articulating objective and subjective components of Eighth Amendment conditions claims).

Accepting the allegations as true, placement of a wheelchair-dependent inmate with Parkinson's disease into a cell with a nonfunctional medical bed, followed by a serious fall, plausibly states a conditions claim sufficient to proceed past the pleading stage as to officials allegedly responsible for housing and safety determinations.

### d. Retaliation Claim

Plaintiff further alleges retaliation following grievances and complaints regarding medical care. (ECF No. 95 ¶ 40.)

To state a First Amendment retaliation claim, Plaintiff must allege (1) protected conduct, (2) adverse action sufficient to deter a person of ordinary firmness, and (3) causal connection. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (setting forth retaliation elements in the prison context).

7

At the motion to dismiss stage, Plaintiff's allegations that grievances were met with adverse treatment and interference with requests are sufficient to plausibly state a retaliation claim, subject to evidentiary development.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 108) is **DENIED WITHOUT PREJUDICE** to renewal at summary judgment following discovery.

An appropriate Order follows.

Hon. Karen M. Williams,
**United States District Judge**

8